

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00334-CR
No. 07-17-00335-CR
_____

JEREMY LYNN FIGUEREDO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 69th District Court
Hartley County, Texas
Trial Court No. 1256H; Honorable Richard Dambold, Senior Judge Presiding by Assignment

March 26, 2019

## OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following a bench trial, Appellant, Jeremy Lynn Figueredo, was convicted of two counts of the third-degree felony offense of bail jumping in Cause Number 1256H.[1] The court assessed Appellant's punishment at three years confinement in the Institutional

---

[1] TEX. PENAL CODE ANN. § 38.10 (West 2016).

Division of the Texas Department of Criminal Justice, with each sentence to be served concurrently with the other and with Appellant's conviction in Cause Number 1232H, from the 69th District Court of Hartley County, Texas. By three issues, Appellant contends (1) the evidence was insufficient to establish his guilt beyond a reasonable doubt, (2) his trial counsel was ineffective for stipulating that he received notice of the court date at issue, and (3) prosecution for more than one offense of bail jumping, for the failure to appear at a single time and place to answer a single indictment (albeit, with multiple counts and separate bonds for each count), violates his protections against double jeopardy. We affirm.

BACKGROUND

On July 13, 2014, Appellant was arraigned on a single criminal complaint for the felony offenses of (1) burglary of a habitation and (2) evading arrest while using a vehicle, arising out of events occurring on July 11, 2014.[2] On July 21, 2014, he was released after posting two $5,000 bail bonds, one for each offense. On July 25, 2014, Timothy Salley was appointed as Appellant's attorney.

Subsequently, on March 11, 2015, a Hartley County Grand Jury returned a single indictment in Cause Number 1232H, containing two counts, one for burglary of a habitation and one for evading arrest while using a vehicle. A capias was issued with respect to the newly-returned indictment and Appellant was again placed in custody on March 18, 2015. On March 20, 2015, Appellant was arraigned on the indictment and his

---

[2] For a more detailed recitation of the facts and circumstances leading to Appellant's arrest and subsequent conviction, see our opinion issued in *Figueredo v. State,* No. 07-17-00197-CR, 2019 Tex. App. LEXIS 37 (Tex. App.—Amarillo Jan. 4, 2019, no pet. h.) (mem. op., not designated for publication).

bond was reset at $25,000 for each offense. That same day, Appellant was again released after posting two separate $25,000 bail bonds.

On July 15, 2015, the 69th District Court issued a *Notice of Hearing*, advising Appellant's counsel that a docket call was scheduled for Wednesday, August 12, 2015, at 9:00 a.m., in the courtroom of the 69th District Court in Channing, Hartley County, Texas. A copy of the notice was also provided to Appellant's bondsman, but no notice was sent directly to Appellant. At the time of the scheduled hearing, Appellant failed to appear. In response, the trial court entered a *Judgment Nisi, Bond Forfeiture* and issued a capias for Appellant's arrest as to each offense. Appellant was subsequently arrested on August 14, 2015.

On September 16, 2015, a Hartley County Grand Jury returned a single indictment in Cause Number 1256H, containing two counts of bail jumping,[3] one with respect to the burglary of a habitation charge and one with respect to the charge of evading arrest while using a vehicle. On October 25, 2016, the State moved to dismiss the prosecution of the underlying burglary of a habitation cause and the trial court entered an order of dismissal as to that underlying charge. The State did not move to dismiss the associated bail jumping charge. A jury trial was commenced on March 20, 2017, with respect to the remaining charge of evading arrest while using a vehicle, and that proceeding resulted in a conviction and the imposition of a ten-year sentence.[4]

---

[3] TEX. PENAL CODE ANN. § 38.10 (West 2016).

[4] Appellant's conviction for evading arrest while using a vehicle was affirmed on appeal. *See Figueredo v. State*, No. 07-17-00197-CR, 2019 Tex. App. LEXIS 37 (Tex. App.—Amarillo Jan. 4, 2019, no pet. h.) (mem. op., not designated for publication).

On July 24, 2017, a bench trial was commenced with respect to the two bail jumping charges. During that proceeding, Appellant's counsel, Dale Stemple, stipulated that Appellant did have notice of the August 12, 2015 pretrial hearing. In stating that stipulation on the record, Mr. Stemple specified that the stipulation was being made in order to avoid the necessity of having Appellant's prior attorney, Timothy Salley, testify. Notwithstanding that stipulation, Mr. Salley did testify, stating that he did not see Appellant in the courthouse on August 12th. At the conclusion of that proceeding, the trial court convicted Appellant of two counts of bail jumping and assessed a sentence of three years confinement with respect to each count. The trial court then ordered that the two sentences be served concurrent with each other and concurrent with Appellant's ten-year sentence for his conviction of evading arrest while using a vehicle. This appeal followed.

ISSUE THREE—DOUBLE JEOPARDY

For purposes of logical sequence, we will address Appellant's third issue first. Following original submission on briefs, this court requested additional briefing to address the question of whether Appellant's failure to appear at a single time and place could constitute more than one offense in those situations where the accused has posted separate bonds as to separate counts in the same indictment. The State analyzed the issue of preservation and concluded that absent an affirmative waiver, claims of double-jeopardy are not forfeitable and could not be surrendered by mere inaction. *See Marin v. State,* 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); *Ex parte Marascio*, 471 S.W.3d 832,

4

839 (Tex. Crim. App. 2015) (holding that the nature of double-jeopardy protections are best suited as category two *Marin* rights).[5]

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, protects an accused from being placed twice in jeopardy for the same offense. U.S. CONST. amend. V, cl. 2. The Texas Constitution provides substantially identical protections. *See* TEX. CONST. art. 1, § 14 ("No person, for the same offense, shall be twice put in jeopardy of life or liberty; nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction."). Therefore, for purposes of a double-jeopardy analysis, an accused is subject to multiple punishments in violation of the Double Jeopardy Clause when he is "convicted of more offenses than the legislature intended" under a given set of facts. *Ervin v. State*, 991 S.W.2d 804, 807 (Tex. Crim. App. 1999). In that regard, the Legislature determines whether two or more offenses are the same for purposes of double jeopardy by defining the "allowable unit of prosecution." *Ex parte Cavazos,* 203 S.W.3d 333, 336 (Tex. Crim. App. 2006) (quoting *Sanabria v. United States,* 437 U.S. 54, 69, 98 S. Ct. 2170, 57 L. Ed. 2d 43 (1978)). This "unit analysis" is employed whenever the offenses in question are alternative means of committing the same statutory offense. Accordingly, an allowable unit of prosecution is an offense defined by a distinguishable discrete act that is a separate violation of the penal statute in question. Even when the offenses in question are defined by the same penal section,

---

[5] In *Ex parte Marascio*, 471 S.W.3d 832 (Tex. Crim. App. 2015), the applicant was convicted of three separate bail jumping offenses based upon his failure to appear for a single hearing. In its *per curiam* opinion, the Court of Criminal Appeals denied habeas corpus relief based on procedural considerations. The *per curiam* opinion is accompanied by three concurring and three dissenting opinions. Citations in this opinion are citations to the concurring opinion filed by Judge Richardson, in which Judge Newell joined.

the protection against double jeopardy is not violated if the offenses are distinguished from one another by discrete acts constituting separate violations, i.e., if the offenses constitute separate units of prosecution. *Ex parte Benson,* 459 S.W.3d 67, 73 (Tex. Crim. App. 2015).

Section 38.10 of the Texas Penal Code provides that, "[a] person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release." *See* TEX. PENAL CODE ANN. § 38.10(a) (West 2018). Because this statute does not indicate or define an allowable unit of prosecution, the best indicator of legislative intent regarding the unit of prosecution is the "gravamen" or focus of the offense. *Ex parte Marascio,* 471 S.W.3d at 848. The gravamen of a bail jumping offense is the accused's failure to appear for court "in accordance with the terms of his release." By incorporating the modifier, "in accordance with the terms of his release," the Legislature clearly intended that the gravamen of the offense include an element of knowing or intentional disobedience of those terms, i.e., an emphasis on the terms of the bond itself.

Here, Appellant was released on two separate bonds, based on two separate offenses—burglary of a habitation and evading arrest with a vehicle. It does not matter that Appellant was required to appear at the same time, on the same date, at the same place. Each bail bond contract was a separate promise by Appellant to appear in court to answer that particular charge and his failure to appear "in accordance with the terms of his release" constitutes a separate violation of each bail bond agreement. *Id.* at 848-49.

6

Accordingly, we find the prosecution of more than one offense of bail jumping, for the failure to appear at a single time and place "in accordance with the terms" of more than one bond, constitutes a separate offense as to each bond, regardless of the number of charging instruments. Because the prosecution of Appellant for two offenses of bail jumping, based on his failure to appear in accordance with two separate bonds, as to two separate offenses (albeit contained in a single indictment) does not violate his double-jeopardy protections, issue three is overruled.

ISSUE ONE—SUFFICIENCY OF THE EVIDENCE

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In determining whether the evidence is legally sufficient to support a conviction, a reviewing court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

The jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimonies, and a reviewing court must defer to those determinations and not usurp the jury's role by substituting its judgment for that of the jury. *Id.* (citing *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012)). The duty of a reviewing court is simply to ensure that the evidence presented supports the fact finder's

verdict and that the State has presented a legally sufficient case of the offense charged. *Id.* When a reviewing court is faced with a record supporting contradicting conclusions, the court must presume the fact finder resolved any such conflicts in favor of the verdict, even when not explicitly stated in the record. *Id.* "Under this standard, evidence may be legally insufficient when the record contains no evidence of an essential element, merely a modicum of evidence of one element, or if it conclusively establishes a reasonable doubt." *Id.* (quoting *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013)). Sufficiency of the evidence is measured against "the elements of the offense as defined by the hypothetically correct jury charge for the case." *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

A person commits the offense of bail jumping if he (1) has been "lawfully released from custody," (2) "on condition that he subsequently appear," (3) and then "intentionally or knowingly fails to appear," (4) "in accordance with the terms of his release." TEX. PENAL CODE ANN. § 38.10 (West 2016). Therefore, by statutory definition, the offense necessarily incorporates, as an element of the offense, the terms of the accused's release.

Here, Appellant's bail bonds "conditioned" his release upon the requirement that Appellant:

> shall well and truly make personal appearance before the District 69TH Court, Hartley County, Texas at the next term of said Court, at Hartley County Courthouse, Channing, Texas, on the (INSTANTER) day of _____, 20__, and there remain from day to day and term to term until discharged by due course of law, then and there to answer said accusation: & furthermore shall well and truly make personal appearance at any time when, and place where, defendant's presence may be required under the Code or by any Court or Magistrate, in any and all subsequent proceeding[s]

8

> that may be had relative to said charge in the course of the criminal action based on said charge . . . .

Bail jumping is a result-of-conduct oriented offense because it is defined according to one's objective to produce a specific result. *Walker v. State*, 291 S.W.3d 114, 117 (Tex. App.—Texarkana 2009, no pet.) (citing *Roberts v. State*, 273 S.W.3d 322, 328-29 (Tex. Crim. App. 2008)). In other words, the State must offer sufficient proof that the conduct of the accused (failure to appear) was done with the requisite "intentional" or "knowing" culpable mental states. *Id.* To meet this burden, the State must establish Appellant either had personal notice to appear or was required to appear "under the Code or by any Court or Magistrate." In all felony prosecutions, an accused is required to be present "at the trial." *See* TEX. CODE CRIM. PROC. ANN. art. 33.03 (West 2006). Since "trial" includes all phases of a criminal prosecution from start to finish, Appellant was required to be present at any "pretrial hearing" unless specifically released by the court.

As noted by the State in its brief, "the only issue at trial was whether or not Appellant intentionally or knowingly failed to appear." Appellant contends the State failed to show he had the requisite culpable mental state because it failed to show he was aware of any obligation to personally appear in court on the date of the alleged offense. Specifically, Appellant contends the State offered no evidence that supports a finding that he was personally aware of an obligation to appear. He also contends the State offered no evidence that his trial counsel ever forwarded him any notice to appear or that he was otherwise aware of any personal obligation to be present for the August 12 pretrial hearing. The State counters this argument by contending that Appellant's trial counsel on the bail jumping charge, Mr. Stemple, stipulated that Appellant had "notice of that court date" and "knew he was supposed to be in court on the date in question." While we have

9

no independent evidence that Appellant was ever notified by his bondsman or counsel to appear at a specific time and place, Mr. Stemple's stipulation alone is sufficient to establish Appellant's failure to appear.

In addition, the State further contends Mr. Salley's trial testimony that he "did not see [Appellant] that day" supplies the evidence necessary to establish his guilt. In addition to Mr. Stemple's stipulation and Mr. Salley's statement that he did not see Appellant on the date of the scheduled hearing, the State offered the testimony of Kenneth Countryman, Appellant's bondsman, to establish that he had *attempted* to notify Appellant that he was supposed to be in court on August 12.

Finally, although the State did not ask the trial court to take "judicial notice" of the court's file in Cause Number 1232H and it never even offered into evidence the actual *Notice of Hearing,* the trial court is entitled to take judicial notice of its own proceedings, including pretrial scheduling matters. Therefore, as to the issue of Appellant's awareness of an obligation to personally appear, even if the trial court was not asked to consider that notice, it could still take judicial notice of any proceeding that actually occurred before the trial court itself.

Because the record establishes that Appellant failed to appear in court at the scheduled time on August 12, 2015, and as per the stipulation of counsel, that he was aware of the hearing date and his obligation to appeal, we find the evidence was legally sufficient to establish that he knowingly or intentionally failed to appear. As such, the evidence was sufficient to support Appellant's conviction. Issue one is overruled.

ISSUE TWO—INEFFECTIVE ASSISTANCE OF COUNSEL

We examine ineffective assistance of counsel claims by the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by Texas in *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). To support a claim of ineffective assistance of counsel, Appellant has the burden to show by a preponderance of the evidence that (1) trial counsel's performance was deficient in that it fell below the prevailing professional norms and (2) the deficiency prejudiced the defendant; that is, but for the deficiency, there is a reasonable probability that the result of the proceedings would have been different. *See Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010) (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). In conducting our review, counsel's conduct is viewed with great deference. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 812.

Here, Appellant contends that his counsel's stipulation that he received notice of the hearing and his obligation to appear, "apparently in order to avoid [his trial counsel] from testifying," caused him grievous harm because it established a factual issue the State bore the burden of proving in order to obtain a conviction. Appellant notes that the only evidence concerning his notice of an obligation to appear was that his father received notice from the bondsman on the morning of the scheduled court date that he had failed to appear for court and that he and his father immediately went to the courthouse. Appellant contends that, but for counsel's error in stipulating to his awareness of a hearing

date and his obligation to appear, the State would not have been able to secure a conviction.

Appellant, however, fails to account for the fact that the appellate record must clearly support a claim of ineffective assistance of counsel; *Menefield v. State,* 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (stating that a claim of ineffective assistance of counsel must be firmly founded in the record), and, as a reviewing court, we must presume counsel was effective until proven otherwise. *Scheanette v. State,* 144 S.W.3d 503, 509 (Tex. Crim. App. 2004) (stating that "[a]ppellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance"). Furthermore, our analysis must take into account the totality of the representation rather than examining isolated acts or omissions. *Id.* The mere fact that another attorney may have taken a different tactic at trial is generally insufficient to prove a claim of ineffective assistance of counsel. *Id.* "Under most circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the strong presumption that counsel's conduct was reasonable and professional." *Id.* at 510.

Appellant's contention of ineffective assistance fails to fully account for both the possible tactical or strategic reasons behind counsel's decision to stipulate to the evidence in this case and the latitude the trier of fact might have in deriving factual conclusions from circumstantial evidence. Based upon our review of the evidence, we conclude Appellant has not rebutted the presumption that his counsel acted within the wide range of reasonable and professional assistance. Furthermore, Appellant has failed

to establish that there existed a reasonable probability that the outcome of his case would have been different had counsel not done what Appellant now claims was ineffective assistance of counsel.  As such, we cannot say that Appellant satisfied either prong of the standard set forth in *Strickland.*  Issue two is overruled.

CONCLUSION

The judgments of the trial court are affirmed.


Patrick A. Pirtle
Justice

Publish.