**Opinion issued December 17, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00930-CR

———————————

**KYLE DEAN KUYKENDALL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 198th District Court**
**Kerr County,[1] Texas**
**Trial Court Case No. B15-684**

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Fourth District of Texas. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases between courts of appeals).

# OPINION

Appellant, Kyle Dean Kuykendall, pleaded guilty to two counts of the third-degree felony offense of failure to appear in Cause Number B15-684. At the conclusion of a presentence investigation (PSI) hearing, the trial court found appellant guilty and sentenced him to ten years' confinement on each count, with the sentences to run concurrently. In two points of error, appellant contends that (1) his convictions for failure to appear on two cases that were set for the same day and in the same court and were the subject of the same two-count indictment violate the Double Jeopardy Clause and (2) the evidence is insufficient to support the trial court's judgment ordering him to pay court-appointed attorney's fees. We vacate appellant's conviction on Count Two, modify the judgment on Count One, and affirm the judgment on Count One as modified.

## Background

On December 15, 2015, a Kerr County grand jury returned a single indictment containing two counts against appellant for failure to appear in Cause Number B15-684.[2] As to each count, the indictment alleged:

---

[2] In August 2012, appellant pleaded guilty to two counts of credit card abuse in Cause Number B12-180, and the trial court placed him on deferred adjudication community supervision for a period of five years for each count. The State subsequently filed motions to adjudicate guilt and revoke appellant's probation, and the trial court set the motions for hearing on November 30, 2015. The instant cases stem from appellant's failure to appear at the November 30, 2015 hearing.

On or about November 30, 2015, and before the presentment of this indictment, in said County and State, [appellant] did then and there, after being lawfully released from custody on a pending felony charge on condition that he subsequently appear in court, intentionally or knowingly fail to appear in accordance with the terms of his release, to-wit: . . . .

Following this language, the indictment includes an image of the surety bail bond executed by appellant and the surety for each count.

On May 30, 2018, appellant pleaded guilty to both counts of the indictment. The trial court ordered completion of a PSI report. On August 1, 2018, the trial court conducted a sentencing hearing at which the PSI report was admitted into evidence. At the conclusion of the hearing, the trial court sentenced appellant to ten years' confinement on each count, with the sentences to run concurrently. This appeal followed.

## Double Jeopardy Claim

In his first point of error, appellant contends that his convictions violate the Double Jeopardy Clause because he was convicted of failure to appear on two cases that were set for the same day and in the same court and were the subject of the same two-count indictment.

As a preliminary matter, we note that appellant did not present this double jeopardy claim to the trial court.[3] *See Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex.

---

[3] The State does not assert that appellant waived his double jeopardy claim on appeal.

Crim. App. 2000) (explaining that, in general, defendant has burden to preserve double jeopardy objection); *see also* TEX. CODE CRIM. PROC. art. 1.14(b) (specifying that defendant waives right to appeal error in indictment if he does not object to error before trial commences). Typically, the failure to present an issue to the district court prevents the issue from being considered on appeal. *See* TEX. R. APP. P. 33.1(a) (requiring that complaint be made to trial court in order to preserve issue for appeal). However, the Court of Criminal Appeals has determined that "because of the fundamental nature of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal . . . when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *Gonzalez*, 8 S.W.3d at 643. "A double-jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support of the double-jeopardy claim." *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013); *see also Ex parte Marascio*, 471 S.W.3d 832, 837 (Tex. Crim. App. 2015) (Keasler, J., concurring) (noting, with exceptions, that under current state of law, "the clearly-apparent-from-the-record

4

factor requires that we reach the merits of the claim before determining whether the claim is properly presented").[4]

## A.    Is a Double Jeopardy Claim Apparent on the Face of the Record?

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, protects an accused from being placed twice in jeopardy for the same offense. *See* U.S. CONST. amend. V, XIV; *see Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013) ("The Double Jeopardy Clause protects criminal defendants from three things: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense."). The Texas Constitution provides substantially identical protections. *See* TEX. CONST. art. I, § 14 ("No person, for the same offense, shall be twice put in jeopardy of life or liberty; nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.").

For purposes of a double jeopardy analysis, an accused is subject to multiple punishments in violation of the Double Jeopardy Clause when he is "convicted of

---

[4]    In *Ex parte Marascio*, the applicant was convicted of three separate charges of felony bail jumping and failure to appear based upon his failure to appear for a single hearing. 471 S.W.3d 832, 841 (Tex. Crim. App. 2015). In a per curiam opinion, the Court of Criminal Appeals denied habeas relief. *See id.* at 832–33. The Court's per curiam opinion is accompanied by three concurring and three dissenting opinions.

more offenses than the legislature intended" under a given set of facts. *Ervin v. State*, 991 S.W.2d 804, 807 (Tex. Crim. App. 1999); *see also Shelby v. State*, 448 S.W.3d 431, 435 (Tex. Crim. App. 2014). In that regard, the Legislature determines whether two or more offenses are the same for purposes of double jeopardy by defining the "allowable unit of prosecution." *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006) (quoting *Ex parte Hawkins*, 6 S.W.3d 554, 556 (Tex. Crim. App. 1999) (internal citation omitted)). Accordingly, an allowable unit of prosecution is an offense defined by "a distinguishable discrete act that is a separate violation of the penal statute in question." *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011) (citing *Cavazos*, 203 S.W.3d at 336). Even when the offenses in question are defined by the same penal section, the protection against double jeopardy is not violated if the offenses are distinguished from one another by discrete acts which are separate violations of the penal section and which, therefore, constitute separate units of prosecution. *Ex parte Benson*, 459 S.W.3d 67, 73 (Tex. Crim. App. 2015).

Section 38.10 of the Texas Penal Code provides that "[a] person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release." TEX. PENAL CODE § 38.10(a). Because this statute does not indicate or define an allowable unit of prosecution, the best indicator of

legislative intent regarding the unit of prosecution is the "gravamen" or focus of the offense. *See Loving v. State*, 401 S.W.3d 642, 647 (Tex. Crim. App. 2013).

Appellant argues that the gravamen of the offense of bail jumping and failure to appear is the failure to appear in court, not the number of cases for which he failed to appear. Thus, appellant reasons, his multiple convictions for failure to appear arising from a single missed court appearance constitute a double jeopardy violation. In response, the State argues that the violation of the terms of release is part of the gravamen of the offense and, therefore, appellant's two convictions for violating two separate bonds based on his failure to appear in court to answer charges as to two separate indictment counts do not violate the protection against double jeopardy.

In support of his argument, appellant urges this Court to adopt the reasoning in Justice Johnson's dissent in *Ex parte Marascio*:

> The state's role in a criminal prosecution is to prosecute the offender. It is in no way the role of the state to safeguard the income of a bondsman. A defendant has already paid whatever the bondsman charged and may, at least theoretically be subject to being sued by the bondsman, but that "harm" is not relevant to any criminal charges. The bondsman will indeed suffer financial loss, but the harm that is relevant here is harm to an actual party to the lawsuit, in this case, the defendant, and to the administration of justice.
>
> . . . .
>
> By the language of the statute, the gravamen of the offense is that the defendant failed to appear. Using the eighth-grade grammar test, a phrase that is preceded by a preposition ("in"), is a circumstance, not a gravamen. Ergo, "in accordance with the terms of his release," is a circumstance that makes failure to appear in court an offense. The sole

7

gravamen of the offense remains the act of failing to appear, thus the unit of prosecution is the number of times the offense was committed.

. . . .

We do not charge a thief with four thefts if he steals a wallet that contains cash and three credit cards; we charge him with a single theft. And if a burglar enters a home without consent once and commits theft, assault, and arson, he may be charged with only one burglary, not three. Likewise we should not condone three charges for a single act of failing to appear.

471 S.W.3d at 853–55 (J., Johnson, dissenting).[5]

We find Justice Johnson's reasoning in *Ex parte Marascio* persuasive. Further, as Justice Alcala points out in her dissent in *Marascio*, appellant is only one person who can "be released from his confinement only one time, regardless of the number of cases for which he was being held." *Id.* at 859–60 (J., Alcala, dissenting). Similarly, appellant is one person who can fail to appear only one time regardless of the number of offenses with which he is charged. This opinion is limited to its facts.

---

[5]  In her dissent in *Ex parte Marascio*, in which Justice Johnson joined, Justice Alcala noted:

> In a situation involving a similar gravamen, this Court has definitively held that only one conviction is permitted. *See Harris v. State*, 359 S.W.3d 625, 630–32 (Tex. Crim. App. 2011) (holding that multiple convictions for indecency with a child by exposure violated double jeopardy because the gravamen of the offense was the exposure and not the number of children present). Similarly, here, the gravamen of the offense of bail jumping is the act of failing to appear in court as required by the terms of applicant's release from confinement on the multiple cases, and not the number of cases for which applicant failed to appear.

471 S.W.3d at 860 (J., Alcala, dissenting).

It does not address failure to appear when a defendant facing multiple charges fails to appear at more than one separately scheduled court appearance.

Because appellant may be convicted of only one failure-to-appear case for his failure to appear at a single court setting on a two-count indictment for which he had been released from confinement, we conclude that a double jeopardy violation is apparent on the face of the record.[6]

## B. Does Enforcement of the Rules of Procedural Default Serve Legitimate State Interests?

Under the second prong of the *Gonzalez* exception, a double jeopardy claim may be raised for the first time on appeal if "enforcement of usual rules of procedural default serve no legitimate state interests." *Gonzalez*, 8 S.W.3d at 643.

In *Ex parte Denton*, the Court of Criminal Appeals considered whether an alleged double jeopardy violation could be remedied in a habeas proceeding or was procedurally defaulted because no objection had been raised in the trial court. 399 S.W.3d 540, 544 (Tex. Crim. App. 2013). After concluding that the applicant's double jeopardy claim was apparent on the face of the trial record, the Court noted:

> While the state may have an interest in maintaining the finality of a conviction, we perceive no legitimate interest in maintaining a conviction when it is clear on the face of the record that the conviction was obtained in contravention of constitutional double-jeopardy

---

[6]    *But see Figueredo v. State*, 572 S.W.3d 738, 743 (Tex. App.—Amarillo 2019, no pet.) (holding prosecution of defendant for two offenses of bail jumping, based on his failure to appear in accordance with two separate bonds, constituted separate offense as to each bond and therefore did not violate double jeopardy).

9

protections. "Society's interest, of course, is not simply to convict the guilty. Rather its interest is 'in fair trials designed to end in just judgments.'"

*Id.* at 545 (quoting *Oregon v. Kennedy*, 456 U.S. 667, 682, n.7 (1982) (internal quotation omitted)).

Here, appellant was sentenced to the same sentence of ten years' confinement on each count, with the sentences to run concurrently. Following *Ex parte Denton*, we conclude that no legitimate state interests would be served by enforcing the procedural rules of default in this case. *See id.* Because appellant's convictions violate double jeopardy, we sustain his first point of error.

## Court-Appointed Attorney's Fees

In his second point of error, appellant contends that the evidence is insufficient to support the trial court's judgment assessing court-appointed attorney's fees against him because the presumption of his indigence was never rebutted.

Article 26.05(g) of the Code of Criminal Procedure allows the trial court to order a defendant to re-pay costs of court-appointed legal counsel that the court finds the defendant is able to pay. TEX. CODE CRIM. PROC. art. 26.05(g); *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Cates*, 402 S.W.3d at 251 (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App.

10

2010)). However, "a defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. art. 26.04(p). In the absence of any indication in the record that the defendant's financial status has in fact changed, the evidence will not support the imposition of attorney's fees. *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013).

On April 18, 2018, the trial court determined that appellant was indigent and appointed counsel to represent him. On August 1, 2018, the trial court entered its judgment in which it ordered appellant to pay $225.00 in court-appointed attorney's fees.[7] The State concedes, and we agree, that the record contains no evidence indicating that appellant's financial circumstances materially changed after the trial court initially determined that he was indigent and appointed counsel to represent him.[8] Thus, there was no factual basis in the record to support a determination that appellant could pay the fees. *See Cates*, 402 S.W.3d at 251–52; *Jones v. State*, 428 S.W.3d 163, 171–72 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

---

[7] The trial court assessed attorney's fees against appellant in the judgment on Count One. It did not assess attorney's fees in the judgment on Count Two.

[8] After the trial court entered judgment, it appointed appellant counsel to prosecute this appeal.

11

We therefore modify the judgment of the trial court to delete the assessment of attorney's fees against appellant. *See* TEX. R. APP. P. 43.2(b) (allowing appellate court to modify trial court judgment and affirm as modified). We sustain appellant's second point of error.

**Conclusion**

Because a double jeopardy violation occurred, we vacate appellant's conviction on Count Two in Cause Number B15-684. *See Denton*, 399 S.W.3d at 545 (Tex. Crim. App. 2013) ("If we find that there is a double-jeopardy violation, the remedy will be to vacate one of the convictions; no additional proceedings will be required."). Appellant's conviction on Count One in Cause Number B15-684 remains unchanged.

Further, we modify the judgment of the trial court on Count One in Cause Number B15-684 to delete the assessment of attorney's fees against appellant. We affirm the judgment of the trial court as to Count One in Cause Number B15-684 as modified.

Russell Lloyd
Justice

Panel consists of Justices Lloyd, Goodman, and Landau.

Publish. TEX. R. APP. P. 47.2(b).

12