

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00254-CR

**ALAN CHARLES BROWN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 77th District Court
### Limestone County, Texas
### Trial Court No. 14499-A

## OPINION

Appellant Alan Charles Brown was charged in a two-count indictment with felony assault of a family/household member by occlusion and aggravated assault causing bodily injury with a deadly weapon. Brown was found guilty by a jury of the occlusion assault charge and of the lesser-included offense of assault causing bodily injury. The jury found that Brown used a deadly weapon during the commission of the occlusion assault charge. Brown entered pleas of true to enhancement allegations regarding two prior felony convictions. The trial court imposed a sentence of thirty-five

years' confinement in the Texas Department of Criminal Justice—Correctional Institutions Division on the occlusion assault conviction and a sentence of twelve months confinement in the Limestone County Jail on the lesser-included bodily-injury assault charge, with both sentences to run concurrently. In one issue, Brown asserts that his convictions on both charges violate his right to be free from double jeopardy. We will affirm.

*Background*

The facts as relevant to this appeal reflect that Brown physically attacked his girlfriend while they were staying at a hotel in Mexia, Texas. The girlfriend testified that Brown punched her in the face, strangled her, threw her into a nightstand, kicked her in the stomach, pulled her hair, slammed her to the floor, burned her purposely with a cigarette, and caused her head to contact an elevator wall. The girlfriend testified that Brown choked her three separate times. The attacks were not continuous but stopped and started multiple times over the course of several hours.

*Discussion*

A. Procedural Default. Brown did not raise the issue of double jeopardy at trial. Because of the fundamental nature of the double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal if two conditions are met: (1) the undisputed facts show that the double jeopardy violation is clearly apparent on the face of the record; and (2) enforcement of the usual rules of procedural default serves no legitimate state interest. *See Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). A claim is apparent on the face of the record if its resolution does not require additional

proceedings for the purpose of introducing more evidence in support of it. *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013). We will assume without deciding that resolution of Brown's double jeopardy claim does not require additional proceedings, and enforcement of the usual rules of procedural default serves no legitimate state interest.

B. Double Jeopardy. The Double Jeopardy Clause of the 5th Amendment incorporates three protections: (1) protection against a second prosecution for the same offense following an acquittal; (2) protection against a second prosecution for the same offense following a conviction; and (3) protection against multiple punishments for the same offense. U.S. Const. Amend. V; *Kuykendall v. State*, 611 S.W.3d 625, 627 (Tex. Crim. App. 2020). Brown argues that the third protection is applicable to his convictions.

The protection against double jeopardy is inapplicable where separate and distinct offenses occur during the same transaction. *Steels v. State*, 170 S.W.3d 765, 769 (Tex. App.—Waco 2005, no pet.). Two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the legislature has made it clear that only one punishment is intended. *Littrell v. State*, 271 S.W.3d 273, 275–76 (Tex. Crim. App. 2008); *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008). The Court of Criminal Appeals has recently held, in a case involving the propriety of a lesser-included offense instruction, that bodily-injury assault is not a lesser-included offense of occlusion assault when the disputed element is the injury. *See Ortiz v. State*, 623 S.W.3d 804, 805 (Tex. Crim. App. 2021).

As the *Ortiz* Court did not analyze the offenses in a double-jeopardy context, we will address whether the separate punishments Brown received for bodily-injury assault and occlusion assault are barred by double jeopardy. There is no dispute that bodily-injury assault and occlusion assault have different elements and that these elements were proven by the State at Brown's trial. *See Bigon*, 252 S.W.3d at 370; *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Occlusion assault requires that the State prove that a defendant impede the normal breathing or blood circulation of the complainant and that the defendant and complainant are or have been involved in a dating relationship, while these elements are not required for prosecution of bodily-injury assault. The issue, therefore, is whether under a "unit analysis," bodily-injury assault and occlusion assault are the same for double jeopardy purposes.

The Legislature defines whether offenses are the same "by prescribing the 'allowable unit of prosecution,' which is a distinguishable discrete act that is a separate violation of the statute." *See Ex parte Hawkins*, 6 S.W.3d 554, 556 (Tex. Crim. App. 1999); *Figueredo v. State*, 572 S.W.3d 738, 742 (Tex. App.—Amarillo 2019, no pet.).

> This "unit analysis" is employed whenever the offenses in question are alternative means of committing the same statutory offense. Accordingly, an allowable unit of prosecution is an offense defined by a distinguishable discrete act that is a separate violation of the penal statute in question. Even when the offenses in question are defined by the same penal section, the protection against double jeopardy is not violated if the offenses are distinguished from one another by discrete acts constituting separate violations, i.e., if the offenses constitute separate units of prosecution.

*Figueredo*, 572 S.W.3d at 742; *see also Shelby v. State*, 448 S.W.3d 431, 435–36 (Tex. Crim. App. 2014) ("[A] 'units' analysis is employed when the offenses are alternative means of committing the same statutory offense."). "A units analysis considers what the allowable unit of prosecution is, based on the statute's construction and ascertaining the gravamen of the offense, and how many units have been shown by examining the evidence presented at trial." *Stevenson v. State*, 499 S.W.3d 842, 850 (Tex. Crim. App. 2016).

Absent explicit legislative direction, the best indicator of legislative intent regarding the unit of prosecution is the gravamen, or focus, of the offense. *Harris v. State*, 359 S.W.3d 625, 630 (Tex. Crim. App. 2011). "The gravamen of the offense can be the result of conduct, the nature of conduct, or the circumstances surrounding the conduct." *Stevenson*, 499 S.W.3d 850.

> If the offense is a result-of-conduct crime, the focus is on the result, not the different types of conduct, and the result is the basis for prosecution. A nature-of-conduct crime's focus is the conduct and the different types of conduct are considered separate offenses. In a circumstances-surrounding-the-conduct crime, different types of conduct may establish alternate methods of proving a single crime, as opposed to separate crimes, as long as the circumstances surrounding that conduct are the same. In these types of cases, the focus is on the "particular circumstances that exist rather than the discrete, and perhaps different, acts that the defendant might commit under those circumstances."

*Id.*, at 850-51 (citations omitted). "An offense may have more than one focus, and if so, one may predominate or both may be equally important." *Ortiz*, 623 S.W.3d at 806.

Both occlusion assault and bodily-injury assault are result-oriented offenses. *See Ortiz*, 623 S.W.3d at 808 ("[I]mpeding is the result specified by the statute"); *Garfias v.*

*State*, 424 S.W.3d 54, 60 (Tex. Crim. App. 2014) ("[A]n assaultive offense causing bodily injury is a result-oriented offense.").  "If the focus of the offense is the result—that is, the offense is a 'result-of-conduct' crime—then different types of results are considered to be separate offenses. . . ."  *Gonzales v. State*, 304 S.W.3d 838, 848 (Tex. Crim. App. 2010) (quoting *Huffman v. State*, 267 S.W.3d 902, 907 (Tex. Crim. App. 2008)).  Thus, a defendant may be held criminally responsible for two or more result-of-conduct offenses, even if they occur during the same transaction, so long as each offense causes a different type of result. *See Villanueva v. State*, 227 S.W.3d 744, 749 (Tex. Crim. App. 2007) (explaining that a defendant could be held criminally responsible, without violating double jeopardy, for "a separate and discrete, or at least incrementally greater, injury" resulting from a separate or additional act beyond the initial act).

"[I]mpeding is the focus of occlusion assault and defines its allowable unit of prosecution" and "excludes other injuries."  *Ortiz*, 623 S.W.3d at 808, 807.  Bodily-injury assault, however, does not have a statutorily specified injury—any injury inflicted can satisfy the statute as long as it results in "physical pain, illness, or any impairment of physical condition."  TEX. PENAL CODE ANN. §§ 1.07; 22.02(a)(1).  Accordingly, the Double Jeopardy clause is not implicated because Brown was convicted of two separate and distinct offenses even if Brown's physical attack of the complainant is construed as a continuous course of conduct.  *See Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013) ("The protection against double jeopardy does not apply to separate and distinct offenses that occur during the same transaction.").

The indictment and the evidence at trial established that Brown's actions in occluding the complainant's breathing or blood circulation were separate from other assaultive acts he committed against her, including punching her in the face, slamming her to the ground and into a nightstand, burning her with a cigarette, and shoving her head into an elevator wall. Though the offenses may have occurred during the same criminal episode, we hold that they are not the same offense for purposes of the Double Jeopardy clause.

We overrule Brown's single issue and affirm the judgments of the trial court.


MATT JOHNSON
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed November 10, 2021
Publish
[CRPM]

